

# THE ATTORNEY GENERAL
## OF TEXAS

**GROVER SELLERS**

**J████████████████**

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. T. E. Knight
County Attorney
Stonewall County
Aspermont, Texas

Opinion No. O-7130
Re: Answering certain questions pertaining to a petition and hearing on the organization of a water control and improvement district within the terms and provisions of Section 59 of Article 16 of the Constitution of Texas, as controlled by Statute (Article 7880-1, et seq., V.A.C.S.)

Dear Sir:

We have considered your letter of June 19, 1946, requesting an opinion from this department and accompanied by a letter dated June 11, 1946 addressed to you from H. H. Shadle, County Judge of Stonewall County, presenting nine questions which you desire this department to answer.

The following questions relative to a proposed water control and improvement district, territory of which embraces the city of Aspermont, are asked by the County Judge:

"Question 1. Would it not have been proper that the petition have been initiated outside of the Municipal corporation, in the major portion of the area.

"Question 2. Article 7880-115 provides that in a case of this kind that separate elections be had in the various subdivisions, within and without the municipal corporation or different portions of two counties or more than two or segregated portions of the district. Would it not also be proper that separate petitions be had or that the petition be considered on separate basis as regards different sections.

Art. 7880-10 provides that a majority in number of the landholders representing a majority in value of the lands shall sign the petition. Further in the article it says if more than 50 landholders own land, fifty signers who are land holders is sufficient.

"Question 3. Does the provision in the above with reference to 50 landowners dispense with the provision for a majority in value of the lands?

"Question 4. I presume that landowners or holders are legal petitioners whether they live in the district or not but that a residence qualification is required together with the other qualifications before one can vote. Is that correct?

"Question 5. Art. 7880-14 provides that when a petition is filed the County Judge will or shall issue an order, setting a date for hearing by the Commissioners Court. Is the County Judge within his rights to deny a hearing if he in his legal judgment is satisfied that the petition is insufficient?

"Question 6. If husband and wife own land as community property and both sign the petition, or if in a partnership if several sign as part owners, can all be counted as numerical strength on such petition?

"Question 7. Would a project under this heading, which is incapable of being used for irrigation because of the physical lay of the land or lack of water, be considered as coming within the meaning of this law?

"Question 8. Art. 7880-19 refers to a public benefit or utility. What is the meaning of this? Does it mean the entire public in the district or does it mean only a small portion or otherwise?

"Question 9. Define the meaning of the phrase 'Benefit to the land included therein' as used in Article 7880-19 and applying to such districts."

The answers to the above questions are to be found under Chapter 3A, Title 128 of Vernon's Annotated Civil Statutes, relating to water control and improvement districts, Article 7880-1 et seq. It would unduly lengthen this opinion to set forth all of the statutes which have a bearing on the questions presented. You are respectfully referred to the above title and chapter which includes the Articles hereinafter set forth.

Article 7880-10, V.A.C.S., provides:

"Petition for the organization of a water control and improvement district shall be signed by a majority in number of the holders of title to the lands therein, and the owners of a majority in value of the lands therein, as shown by the county tax rolls, provided, if the number of such land owners therein is more than fifty, such petition shall be sufficient if same is

signed by fifty land owners.  Such petition may be signed and filed in two or more copies."

Article 7880-11 of said statute provides:

"The petition shall designate the name of the district, the area and boundaries thereof, the provision of the Constitution under which same is to be organized, the purpose or purposes of same.  Said petition shall state the general nature of the work to be done, the necessity thereof, the feasibility thereof, with reasonable detail and definiteness in order that the court or board passing on same may understand therefrom the purpose, utility, feasibility and need or necessity therefor.  The petition shall state the estimated cost of the project as then estimated by those filing such petition from such information as they may have at that time."

Article 7880-12 provides that said petition shall be filed in the office of the County Clerk of the county in which the district is situated, and Article 7880-14 of such statute provides that when a petition is filed for the organization of a district within one county, the County Judge shall make an order setting the date of hearing thereof by the County Commissioners Court, endorsing same on said petition or paper attached thereto, following which, the County Clerk shall thereupon issue a notice for such hearing.  Said petition may be considered at a regular or special session of said court.

The answers to your first six questions are to be found in the foregoing quoted statutes.  The proposed district with which we are concerned and as stated in your request, covers an area of two square miles which is within the corporate limits of the city of Aspermont, a municipal corporation, and approximately 120 square miles outside the corporate limits of Aspermont.

Answering your questions 1 and 2, the above statutes do not require that separate petitions be had or initiated, one within the corporate limits of the City of Aspermont or the other within the territory outside in Stonewall County.

In answer to your question number 3, where the number of land owners holding title to the land within the defined limits is more than fifty, such petition shall be sufficient if signed by such fifty land owners.

Answering your question number 4, in holding the elections as provided in Article 7880-115 of such statutes, only qualified property taxpaying voters can participate in such elections.

In answer to question number 5, the County Judge has no discretion to deny hearing if the petition meets the requirements of the statutes.

Answering question number 6, husband and wife holding title to land within the defined district as community property as well as members of a partnership, may be qualified to sign the petition.

In answer to your question number 7, the statute is broad enough to include purposes other than the use of water for irrigation. However, this fact may be developed at the hearing as directly bearing upon whether or not the formation of such district would be of benefit to the land included therein or whether or not such district is needed.

Your questions 8 and 9 concern and relate to Article 7880-19 of the statutes, which Article provides:

"If it shall appear on hearing by the Commissioners' Court that the organization of a district as prayed for is feasible and practicable, that it would be a benefit to the land to be included therein and be a public benefit, or utility, the Commissioners' Court shall so find and grant the petition. If the Court should find that such proposed district is not feasible or practicable, would not be a public benefit or utility, or would not be a benefit to the land to be included therein, or is not needed, the court shall refuse to grant the petition."

The foregoing section of the Act sets forth in brief language the findings of the Court as developed from facts at the hearing for granting or refusing to grant the petition. In weighing the facts presented at the hearing, the Court should take into consideration the public benefit or utility to the district as a whole and not any small portion thereof. Your question number 8 is so answered.

Answering question number 9, the phrase "benefit to the land included therein" is not defined in the foregoing section or elsewhere in the Act. This phrase should be construed with the purposes for which the district is sought to be created and it is apparent that the Legislature intended the Court to exercise sound discretion in weighing the facts developed at the hearing to determine whether or not a majority of the land included within the district would be accordingly enhanced in value.

We wish to thank you for your letter of July 19th furnishing us additional information as requested. We are not to be understood as passing on the sufficiency of the petition, a copy of which accompanied your letter, as we have not been requested to do so.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. R. King
Wm. J. R. King, Assistant

APPROVED AUG 1, 1946
/s/ Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:      WJF, CHAIRMAN

WmK:djm:wb